

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Matthew J. Belgiovine*
*Assistant United States Attorney*
*MJB/2022R00516*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

January 12, 2023

Scott Krasny, Esq.
Furlong and Krasny
Mountain View Office Park
820 Bear Tavern Road
Suite 304
West Trenton, New Jersey 08628

> Re:    Plea Agreement with Dominic Maloney
> Crim. No. 23-403-KMW

Dear Mr. Krasny:

    This letter sets forth the plea agreement between your client, Dominic Maloney ("Maloney"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on January 27, 2023, if it is not accepted in writing by that date. If Maloney does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Maloney to a two-count Information, which charges Maloney with interstate travel for the purpose of unlicensed dealing in firearms, in violation of Title 18, United States Code, Section 924(n) (Count One), and the unlawful transportation of firearms in interstate commerce by an individual under felony indictment, in violation of Title 18, United States Code, Section 922(n) (Count Two). If Maloney enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Maloney for the unlawful possession and trafficking of firearms from the State of Georgia to the State of New Jersey on or about June 1, 2022, through June 8, 2022.

    But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Maloney even if the applicable statute of

limitations period for those charges expires after Maloney signs this agreement, and Maloney agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of Title 18, United States Code, Section 924(n) to which Maloney agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 10 years. The violation of Title 18, United States Code, Section 922(n) to which Maloney agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 5 years. Each of the counts in the Information presents a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence Maloney is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Maloney is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Maloney ultimately will receive.

Further, in addition to imposing any other penalty on Maloney, the sentencing judge as part of the sentence:

(1)    will order Maloney to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    must order forfeiture, pursuant to 21 U.S.C. § 853;

(3)    pursuant to 18 U.S.C. § 3583, may require Maloney to serve a term of supervised release of not more than three years per count, which will begin at the expiration of any term of imprisonment imposed. Should Maloney be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Maloney may be sentenced to not more than two years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment

set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Maloney's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), Maloney agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized on or about June 8, 2022:

(i)     a Taurus, Model G3C, 9mm semiautomatic pistol, bearing serial number ADA845364;

(ii)    a Glock, model 19 Gen 4, 9mm semiautomatic pistol, bearing serial number BKZU016;

(iii)   a Glock, model 43, 9mm semiautomatic pistol, bearing serial number BKSW846;

(iv)    a Romarm/Cugir, model Draco, 7.62 caliber semiautomatic pistol, bearing serial number ROA22DG-6273;

(v)     a Ruger, .380 caliber semiautomatic pistol bearing serial number 380306912;

(vi)    a Taurus, model G3, 9mm semiautomatic pistol bearing serial number ACM633351;

(vii)   a Glock, model 17 Gen 4, 9mm semiautomatic pistol, bearing serial number BUND632;

(viii)  a Glock, model 19 Gen 4, 9mm semiautomatic pistol, bearing serial number BKPY728;

(ix)    a Marlin Firearms, model 70P, .22 caliber semiautomatic rifle, bearing serial number 11311294;

(x)     a Stevens, model 320, 12-gauge shotgun, bearing serial number V1509090; and

(xi)    a Mossberg, model 590, 12-gauge shotgun, bearing serial number 171120H;

(collectively, the "Specific Property").

Maloney acknowledges that the Specific Property is subject to forfeiture as firearms involved in or used in the violations of 18 U.S.C. §§ 922(n) and 924(n), charged in Counts One and Two of the Information.

Maloney waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Maloney consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Maloney understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Maloney of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. It is further understood that any forfeiture of Maloney's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Maloney waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Maloney also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. Maloney agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Maloney has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Maloney further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Maloney further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Maloney's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Maloney by the

sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Maloney's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Maloney will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Maloney waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

Maloney understands that, if Maloney is not a citizen of the United States, Maloney's guilty plea to the charged offenses will likely result in Maloney being subject to immigration proceedings and removed from the United States by making Maloney deportable, excludable, or inadmissible, or ending Maloney's naturalization. Maloney understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.

Maloney wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Maloney's removal from the United States. Maloney understands that Maloney is bound by this guilty plea regardless of any immigration consequences. Accordingly, Maloney waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Maloney also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Maloney. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Maloney from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Maloney and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney


/s/ Matthew J. Belgiovine

By:     Matthew J. Belgiovine
Assistant U.S. Attorney

APPROVED:

*Eric A. Boden*

Eric A. Boden, Attorney-in-Charge, Trenton Branch Office

I have received this letter from my attorney, Scott Krasny, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Dominic Maloney_                           Date: March 24th, 2023
Dominic Maloney


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                      Date: April 21, 2023
Scott Krasny, Esq.
Counsel for Defendant


- 8 -

Plea Agreement With Dominic Maloney

Schedule A

1.      This Office and Dominic Maloney ("Maloney") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2021 applies in this case.

3.      The applicable guideline for both Count One and Count Two is U.S.S.G. § 2K2.1. This guideline carries a Base Offense Level of 20 because the offense involved semiautomatic firearms capable of accepting large capacity magazines and Maloney was a prohibited person at the time he committed the instant offense. U.S.S.G. § 2K2.1(a)(4)(B).

4.      An enhancement of 4 levels applies because the offenses involved 11 firearms. U.S.S.G. § 2K2.1(b)(1).

5.      An additional enhancement of 4 levels applies because Maloney engaged in trafficking firearms. U.S.S.G. § 2K2.1(b)(5).

6.      In accordance with the above, the total Guidelines offense level with respect to Counts One and Two is 28.

7.      Pursuant to U.S.S.G. § 3D1.2(d), Counts One and Two constitute a single group. The offense level 28 applies, because that is the highest offense level for any given count within the group.

8.      As of the date of this letter, Maloney has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Maloney's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

9.      As of the date of this letter, Maloney has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Maloney's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Maloney enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Maloney's acceptance of responsibility has continued through the date of sentencing and Maloney therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and

(c) Maloney's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10.    Accordingly, the parties agree that the total Guidelines offense level applicable to Maloney is 25 (the "Total Offense Level").

11.    The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.  But each party may seek a variance from that Guidelines range, which the other party may oppose.

12.    If the term of imprisonment does not exceed 71 months, and except as specified in the next paragraph below, Maloney will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel.  The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.  If the term of imprisonment is at least 57 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge.  The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

13.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement.  Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

- 10 -